UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:       -CIV-

ANDRES GIL,

    Plaintiff,

v.

CITY OF MIAMI BEACH.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, ANDRES GIL (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, (hereafter referred to as "Defendant") and as CITY OF MIAMI BEACH, grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

### PARTIES

2. Plaintiff, Andres Gil, is an adult, male resident of Miami-Dade County, Florida.

3. Defendant, City of Miami Beach is authorized to conduct business in Florida, and did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. At all times material hereto Defendant was an "employer" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

5. At all times material hereto Plaintiff was an "employee" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

## JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §1331, 1343, and 1367.

7. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

8. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

9. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

11. The Plaintiff is a Cuban Hispanic Male.

12. The Plaintiff worked for Defendant as a lifeguard on Miami Beach under the orders of Chief Vincent Canosa.

13. The Plaintiff never had any issues, warnings, or disciplinary actions during his entire tenure with Defendant. Plaintiff had the greatest number of rescues of the year and was even covered by the news twice for his rescuing efforts.

14. Due to the birth of his second child, Plaintiff had to temporary leave his job as a lifeguard with Defendant, however he left in good terms and without any problems of such action.

15. On or about October of 2019, an American co-worker had left his position as lifeguard and informed Plaintiff that Defendant was opening new lifeguard positions, and that he should apply for one.

16. As Plaintiff was interested in returning back to work as a lifeguard, Plaintiff spoke with Chief Vincent Canosa on returning back to his lifeguard position. However Chief Vincent Canosa told Plaintiff "You are a great lifeguard, but I need a break from you. I am not hiring you back."

17. When the Plaintiff asked why Chief Vincent Canosa would not hire him back, Chief Vincent Canosa said it was due to him leaving Hollywood beach and Miami Beach lifeguard position. Plaintiff replied to the wrongly stated facts "Chief, you know very well I did not leave from Hollywood Beach, you essentially kicked me out"

18. The true reason Plaintiff had left Hollywood Beach was due to the discrimination he was facing for being Cuban that he suffered at the hands of Chief Vincent Canosa, who only promoted and cared for the American employees.

19. Also, while Plaintiff previously worked in Miami Beach, he was always overlooked for promotions, while his American co-workers got promotions and praise from Chief Vincent Canosa.

20. Due to the rejection from Chief Vincent Canosa, Plaintiff went to Defendant's Human Resource Department and spoke with a recruiter about his situation. The recruiter told the Plaintiff that if he met all the requirements and pass the swimming test, Plaintiff would be entitled to interview for the lifeguard position.

21. In the swimming test, all applicants had to complete the test in less than 13 minutes to pass the test. When the Plaintiff completed his swimming test, he finished the test in 11 minutes, but was not chosen by Chief Vincent Canosa to interview.

22. However, all applicants, who got a worse time than the Plaintiff, but were American, got the interview opportunity with Chief Vincent Canosa.

23. When Plaintiff realized what was had occurred, he again went to Defendant's Human Resource Department to discuss not being chosen for the interview although meeting all requirement and passing the swimming test. Defendant's Human Resource Department told Plaintiff however told him that although he met all the requirements and passed the swimming test, that did not guarantee an interview and Chief Vincent Canosa had the final say, opposite what was told to him prior.

24. As a result of Defendant's discriminatory treatment of the Plaintiff based on his national origin, the Plaintiff had suffered damages and was forced to retain undersigned counsel.

## COUNT I

### National Origin Discrimination in Violation of the Title VII

25. Plaintiff realleges and reaffirms the allegations contained in the above paragraphs 1 through 24, as if fully set forth herein.

26. Defendant engaged in practices that willfully, intentionally, and unlawfully discriminated against Plaintiff based on his national origin.

27. Defendant was aware that Plaintiff was singled out for mistreatment in a discriminatory manner because of his national origin. Defendant participated in, were aware of, and/or allowed the discrimination. Defendant knew such actions were unlawful but acted in reckless disregard of the law.

28. Defendant's conduct complained of here was willful and in disregard of Plaintiff's protected rights.

29. Plaintiff would have continued in his employment with Defendant, entitled to his wages and benefits, but for the discriminatory conduct of Defendants.

30. As a direct and proximate result of Defendants' discriminatory acts and/or omissions, Plaintiff suffered an adverse employment action, termination, based on his national origin.

31. The conduct of Defendant, by and through the conduct of its employees, agents, and/or representatives, and the Defendant's endorsement of discriminatory activities, and Defendant's failure to address, mitigate, and/or take remedial actions to prevent such discrimination toward Plaintiff, deprived Plaintiff of his statutory rights under federal and state law.

32. As a result of Defendant's acts and/or omissions, Plaintiff suffered both irreparable injury and compensable damages.

33. Plaintiff was forced to retain undersigned counsel to prosecute his claims and is entitled to attorneys' fees pursuant to 42 U.S.C.A. § 1988, the Civil Right Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment for Plaintiff and against Defendant containing the following relief:

  a. A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

  b. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

  c. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

d. An award of punitive damages;

e. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

f. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

                                    Respectfully submitted

                                    By: /s/ *Elvis J. Adan*
                                    Elvis J. Adan, Esq.
                                    Fla. Bar No.: 24223

                                    GALLARDO LAW OFFICE, P.A.
                                    8492 SW 8th Street
                                    Miami, Florida 33144
                                    Telephone: (305) 261-7000
                                    Facsimile: (305) 261-0088